**Sargis ORUJYAN; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70305.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Asbet A. Issakhanian, Glendale, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Linda S. Wendtland, Esq., Frances M. McLaughlin, Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Sargis Orujyan, Lead petitioner, and his wife Hasmik Shirvanyan, natives of Iran and citizens of Armenia, and their child Sevak Orujyan, a native and citizen of Armenia, petition for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming the Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, See Sidhu v. INS, 220 F.3d 1085, 1088 (9th Cir.2000), and we grant the petition for review and remand.

■ Substantial evidence does not support the IJ's adverse credibility finding. The IJ requested that Orujyan demonstrate his proselytization skills at his immigration hearing and determined that Orujyan's response demonstrated that he "is not familiar with the teachings of Jesus, at least those teachings that would win converts." Because the IJ's reasoning is little more than speculation, it cannot form the basis of an adverse credibility finding. See Maini v. INS, 212 F.3d 1167, 1175 (9th Cir.2000).

■ Moreover, the IJ stated that Petitioner's written asylum application and his testimony claiming that he was harassed and beaten by government agents in Armenia for his proselytization efforts were "largely consistent," but nevertheless improperly required Orujyan to submit corroborative evidence. See Sidhu, 220 F.3d at 1091–92 ("it is inappropriate to base an adverse credibility determination on an applicant's inability to obtain corroborating affidavits from relatives or ac-

quaintances living outside of the United States—such corroboration is almost never easily available.").

The IJ found Orujyan ineligible for asylum solely on the ground that he was not credible. Therefore, we grant the petition for review and remand to the BIA for further proceedings to consider whether, accepting Orujyan's testimony as credible, he and his family are eligible for asylum, withholding of removal, or relief under CAT. *See INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION FOR REVIEW GRANTED and REMANDED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.